J-S82008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REUBEN BROWN | : | |
| | : | |
| Appellant | : | No. 133 EDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0207261-1995

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 24, 2019**

Reuben Brown appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, denying his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After our careful review, we affirm.[1]

On October 28, 1996, a jury convicted Brown of first-degree murder, two counts of robbery, possession of an instrument of crime (PIC), and criminal conspiracy. The court sentenced Brown that same day to life imprisonment for first-degree murder, five-to-ten years' imprisonment for each of the two counts of robbery, five-to-ten years' imprisonment for criminal conspiracy, and six-to-sixty months' imprisonment for PIC.  This Court affirmed the judgment of sentence on July 27, 1999, and our Supreme Court

_____

[1] The Commonwealth, despite this Court's grant of two extension requests, has not filed a brief.

_____

*   Retired Senior Judge assigned to the Superior Court.

denied review on January 5, 2000. **See Commonwealth v. Brown**, 742 A.2d 1140 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 465 (Pa. 2000).

Brown filed a *pro se* PCRA petition on January 27, 2000, his first. On June 1, 2000, the court appointed Attorney David Rudenstein to represent Brown. On July 19, 2000, Attorney Rudenstein filed an amended petition, in which he raised an issue regarding a recanting witness. The PCRA court allowed Attorney Rudenstein time to locate the recanting witness in order to hold a hearing. Ultimately, Attorney Rudenstein was unable to locate the recanting witness, and, on February 28, 2001, the PCRA court dismissed Brown's first PCRA petition.

On September 5, 2003, Brown filed his second PCRA petition, which the court dismissed as untimely. Brown filed a third PCRA petition on June 15, 2009, which was also dismissed as untimely.

On March 19, 2012, Brown filed a fourth PCRA petition, alleging that his facially untimely petition satisfied the newly recognized constitutional right exception to the PCRS's timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]  On March 24, 2014, the PCRA court dismissed Brown's

---

[2]  Section 9545(b)(1) provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

fourth PCRA petition as untimely, and this Court affirmed. ***Commonwealth v. Brown***, 935 EDA 2014 (Pa. Super. filed Feb. 10, 2015) (unpublished memorandum). We concluded that the case on which Brown relied, ***Maples v. Thomas***, 565 U.S. 266 (2012), which held petitioner's abandonment of counsel claim was an extraordinary circumstance that enabled him to bypass

_____

judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii). Additionally, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Brown's judgment of sentence became final on April 4, 2000, when the ninety-day period for filing a writ of certiorari with the United States Supreme Court expired. ***See*** Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Brown had to file any and all PCRA petitions by April 4, 2001. The instant petition, filed on October 9, 2015, is patently untimely and will be addressed only if he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2008); ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

the state procedural ban to his federal habeas corpus petition, did not create a new constitutional right applicable to him. **Brown**, **supra** at *3. Further, we stated that even had the **Maples** holding provided Brown with a new constitutional right, neither the Pennsylvania Supreme Court nor the United States Supreme Court has ever held that **Maples** applies retroactively. **Id.**, citing 42 Pa.C.S.A. § 9545(b)(1)(iii) ("right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). **See Commonwealth v. Abdul–Salaam**, 812 A.2d 497, 501 (Pa. 2002).

In this, his fifth petition, Brown alleged that he recently discovered that retired Detective Frank Jastrzembski (Jastrzembski), who investigated the murder, had engaged in misconduct in unrelated cases. In support of his claim that Jastrzembski had a pattern of fabrication and misplacement of evidence, Brown attached to his petition various newspaper articles as well as an article published on March 2, 2015 by Rolling Stone Magazine. That article asserted that Detective Jastrzembski concealed evidence in an unrelated case. The PCRA court, pursuant to Pa.R.Crim.P. 907, advised Brown on October 11, 2017 of its intent to dismiss the petition without a hearing. Brown filed a response on November 1, 2017 and, on November 28, 2017, the PCRA court dismissed Brown's petition as untimely. On appeal, Brown argues the newly-discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), and/or the

- 4 -

governmental interference exception, 42 Pa.C.S.A. § 9545(b)(1)(i), save his petition from the statutory time-bar.

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Our Supreme Court addressed a similar situation in *Commonwealth v. Castro*, 93 A.3d 818 (Pa. 2014). In *Castro*, the petitioner relied upon a newspaper article to establish after-discovered evidence for use in a post-sentence motion. Our Supreme Court held that while a newspaper "article [may] contain allegations that suggest [exculpatory] evidence may exist, [ ] allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Id.* at 825. Although magazine and newspaper "articles can alert a party to the possible existence of evidence, [ ] the party must do more than attach the article [to establish] the evidence that will meet the [test for newly-discovered facts . . . . A petition] must, at the very least, describe the evidence that will be presented at the hearing." *Id.* at 837. We note that *Castro* has since been applied to the newly-discovered fact exception to the PCRA. *See Commonwealth v.*

*Jamie Brown*, 141 A.3d 491 (Pa. Super. 2016). Thus, we conclude the Rolling Stone article is not a newly-discovered fact under section 9545(b)(1)(ii).[3]

Because Brown's petition is facially untimely, and because he has not established that any exceptions to the timeliness requirements apply, the PCRA court did not err in dismissing his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/19

_____

[3] In his October 9, 2015 petition, Brown checked all three exceptions to the statutory time bar. **See** PCRA Petition, 10/9/15, at 2; 42 Pa.C.S.A. § 9545(b)(1)(i-iii). In his brief on appeal, however, Brown invokes only the newly-discovered facts exception. **See** Appellant's Brief, at 9. Therefore, we do not address the interference by governmental officials exception, 42 Pa.C.S.A. § 9545(b)(1)(i), or the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii).